Barry M. Aylstock, #028983
FAITH, LEDYARD & FAITH, PLC
919 North Dysart Road, Suite F
Avondale, Arizona  85323
Phone: (623) 932-0430
Fax: (623) 932-1610
Email: baylstock@faithlaw.com
*Attorneys for Plaintiff Rose K. Brown*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Rose K. Brown, individually, | No. |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED** |
| Peoria Healthcare, Inc., a Nevada corporation, | **(Jury Trial Demanded)** |
| Defendant. | |

Plaintiff ROSE K. BROWN ("Plaintiff BROWN"), by and through undersigned counsel, alleges against Defendant as follows:

**JURISDICTION**

1. This action involves alleged violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e *et seq.*

**VENUE**

2. All claims asserted in this matter arose within the District of Arizona, and the alleged violations of Title VII and resulting damages occurred in the District of Arizona. Venue is proper pursuant to 28 U.S.C. § 1391, as well as 42 U.S.C. § 2000e *et seq*.

**PARTIES**

3. Plaintiff BROWN is, and at all times material hereto was, a citizen of the State of Arizona, residing in Maricopa County, Arizona.

4. Defendant PEORIA HEALTHCARE, INC. doing business as Peoria Post Acute & Rehab ("Defendant PEORIA HEALTHCARE") is, and at all times material hereto was, a Nevada corporation, registered with the Arizona Corporation Commission, doing business in the District of Arizona, and having its principal place of business in Maricopa County, Arizona.

5. Defendants DOES 1-10 and ABC ENTITIES 1-10 are fictitious persons and/or entities that may be liable to Plaintiff BROWN but whose true names and identities are unknown at this time. Plaintiff BROWN will seek leave of court to amend the Complaint as they are discovered.

**GENERAL ALLEGATIONS**

6. Plaintiff BROWN hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

7. At all times material hereto, Plaintiff BROWN was an employee of Defendant PEORIA HEALTHCARE, Defendant PEORIA HEALTHCARE is a private-sector employer located in Maricopa County, Defendant PEORIA HEALTHCARE employs fifteen (15) or more employees.

8. Plaintiff BROWN was hired as a full-time employee by Defendant PEORIA HEALTHCARE on approximately May 1, 2019.

9. At all times material hereto, Plaintiff BROWN was a covered employee under Title VII.

10. At all times material hereto, Defendant PEORIA HEALTHCARE was a covered employer under Title VII.

11. Plaintiff BROWN's national origin is Liberian.

12. Plaintiff BROWN was hired as a supervising nurse or Charge Nurse ("Charge Nurse").

13. Upon information and belief, despite being hired as a Charge Nurse, Plaintiff BROWN was paid an hourly rate, was not salaried, and was paid an hourly rate below that of non-Liberian co-workers in similar positions of employment.

14. From the beginning of her employment, Plaintiff BROWN was subjected to unequal treatment because of her national origin as Liberian.

15. Plaintiff BROWN was assigned tasks outside of her job description, was taken off of day shifts and placed on night shifts because it requires less interaction with outside people and was less favorable, was required to work an excessive amount of hours, and was placed alongside Certified Nursing Assistants.

16. Plaintiff BROWN's non-Liberian co-workers were provided the day shift, allowed to perform tasks according to their job descriptions, and were treated more favorably than Plaintiff BROWN.

17. After demoting Plaintiff BROWN from her position as Charge Nurse, Plaintiff BROWN was permanently placed on night shift until she was terminated on November 18, 2019.

18. On approximately February 10, 2020, Plaintiff BROWN filed an Employment Charge of Discrimination.

19. On approximately February 11, 2020, the Equal Employment Opportunity Commission ("EEOC") assigned EEOC Charge 35A-2020-00253.

20. Plaintiff BROWN received a right to sue letter on February 19, 2021 from the EEOC notifying Plaintiff BROWN of her right to file a lawsuit.

21. Plaintiff BROWN has exhausted her administrative remedies and has proceeded with a lawsuit.

22. Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a).

23. Additionally, Title VII makes it an unlawful employment practice for an employer to discriminate against any of its employees because an employee has opposed any practice made an unlawful employment practice or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. *See* 42 U.S.C. § 2000e-3(a).

## FIRST CLAIM FOR RELIEF

## (DISCRIMINATION)

Violations of Title VII of the Civil Rights Act of 1964 - 42 U.S.C. § 2000e *et seq.*

24. Plaintiff BROWN hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

25. Plaintiff BROWN is a covered employee under Title VII as described above.

26. Defendant PEORIA HEALTHCARE is a covered employer under Title VII as described above.

27. Plaintiff BROWN suffered adverse employment actions as described above.

28. Plaintiff BROWN suffered adverse employment actions as described above because of her national origin as Liberian.

29. Defendant PEORIA HEALTHCARE's conduct as described above was intentional.

30. Plaintiff BROWN has suffered damages in amounts to be proven at trial as a direct and proximate result of Defendant PEORIA HEALTHCARE's intentional actions including but not limited to lost wages and other compensation, monetary loss sustained as a direct result of Defendant PEORIA HEALTHCARE's actions, emotional harm, and harm to her reputation.

31. Plaintiff BROWN's attorneys' fees and costs should be paid by Defendant PEORIA HEALTHCARE, and the Court should grant any other relief, equitable or otherwise, deemed proper.

## **DEMAND FOR JURY TRIAL**

32. Plaintiff BROWN hereby requests a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BROWN prays for a judgment as follows:

A. For damages to make Plaintiff BROWN whole, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance benefits, training, promotions, reinstatement, and seniority;

B. For actual monetary losses sustained as a direct result of the violation;

C. For interest on the above amounts calculated at the prevailing rate;

D. For punitive damages as a result of the violation;

E. For reasonable attorneys' fees and costs incurred in this matter; and

F. For such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of May, 2021.

**FAITH, LEDYARD & FAITH, PLC**

By: */s/ Barry M. Aylstock*
Barry M. Aylstock
919 North Dysart Road, Suite F
Avondale, Arizona 85323
*Attorney for Plaintiff*